IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| TROY LEMONS | § | |
| VS. | § | CIVIL ACTION NO. 1:09-CV-672 |
| REGINALD GOINGS, ET AL. | § | |

**MEMORANDUM ORDER PARTIALLY ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff Troy Lemons, a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Reginald Goings, Brian Rodeen, and Brad Livingston.

The Court ordered that this matter be referred to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge recommends dismissing the civil rights action for failure to state a claim upon which relief may be granted.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings, and all available evidence. Plaintiff filed objections to the magistrate judge's Report and Recommendation.

The Court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). The magistrate judge recommended granting defendants' motion to dismiss for failure to state a claim because plaintiff did not exhaust administrative remedies before filing this civil rights action. Because plaintiff asserts in his

objections that prison officials prevented him from filing grievances, it would not be appropriate to dismiss the complaint due to plaintiff's failure to exhaust administrative remedies.

In the motion to dismiss, defendants also argued that the action should be dismissed because plaintiff lacks standing. Prior to considering the merits of a legal claim, the Court must determine whether the litigant seeking to invoke the Court's jurisdiction has standing to prosecute the claim. *See Comer v. Murphy Oil*, 585 F.3d 855, 861 (5th Cir. 2009) ("The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception."). The jurisdiction of a federal court may only be invoked when a litigant personally has suffered some threatened or actual injury. *Gale v. Carnrite*, 559 F.3d 359, 363 (5th Cir. 2009). "Standing defies precise definition, but at the least insists that the complained of injury be real and immediate rather than conjectural, that the injury be traceable to the defendant's allegedly unlawful conduct, and that relief from the injury must be likely to follow from a favorable ruling." *Society of Separationists, Inc. v. Herman*, 959 F.2d 1283, 1285 (5th Cir.) (en banc), *cert. denied*, 506 U.S. 866 (1992); *see also St. Paul Fire and Marine Ins. Co. v. Labuzan*, 579 F.3d 533, 539 (5th Cir. 2009).

Plaintiff does not allege that he suffered a real and immediate injury that can be traced to the defendants' actions. In response to defendants' motion to dismiss, plaintiff asserted that he may suffer harm in the future from consuming water contaminated with salt water intrusion. This is not the sort of imminent, real injury that is necessary to meet the constitutional standard for standing. Thus, the civil rights action should be dismissed for lack of standing.

## **ORDER**

Accordingly, the report of the magistrate judge is partially **ADOPTED** to the extent that it recommends dismissal. A final judgment will be entered in accordance with this memorandum order.

**SIGNED** this the 24 day of **April, 2012.**

_____
Thad Heartfield
United States District Judge